

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY KAREN MORETTI, | No. 12-16334 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00396-JCM-CWH |
| v. | |
| WYETH, INC.; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 15, 2014
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BOLTON, District
Judge.**

Mary Moretti appeals from the district court's dismissal of her claims

against defendant PLIVA, Inc., and a grant of summary judgment to defendants

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

Wyeth, Inc. and Schwartz Pharma, Inc. (together, Brand Defendants). We have jurisdiction under 20 U.S.C. § 1291, and we affirm.

## I. The Brand Defendants

Before the district court, Moretti conceded entry of summary judgment on all of her claims against the Brand Defendants except for her claims based on: misrepresentation by omission (Count 5); constructive fraud (Count 6); negligent misrepresentation (Count 12); and fraud by concealment (Count 13). The district court properly concluded that Nevada law does not recognize Moretti's claims.

Under Nevada law, a misrepresentation by omission is actionable only if the defendant was under a duty to disclose the relevant information. *Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1486 (1998). "The duty to disclose requires, at a minimum, some form of relationship between the parties." *Id.* at 1487. *Mahlum* explicitly rejected concealment claims against Dow Chemical, stating that: "Dow Chemical had no duty to disclose to the Mahlums any superior knowledge it may have had regarding the safety of silicone products, however, because it was not directly involved in the transaction from which this lawsuit arose, or any other transaction with the Mahlums." *Id.*

Moretti argues that the *Mahlum* court's discussion regarding liability for negligent performance of an undertaking provides a duty of disclosure here.

*Mahlum*, however, held that a jury could find that Dow Chemical had taken upon itself responsibility for testing silicone used in products manufactured by Dow Corning—a subsidiary that Dow Chemical formed for that purpose and over which it retained significant control—and that a jury could conclude that Dow Chemical had negligently performed that duty "by failing to either conduct further tests to determine the long-term effects of silicones in the human body or at least advise Dow Corning on the need for such studies." *Id.* at 1498.

Here, unlike in *Mahlum*, the Complaint does not allege that the Brand Defendants undertook "to render testing, advisory, laboratory and personnel services for the purpose of promoting the safety of [PLIVA's Metoclopramide] in order to benefit third persons and had significant control over [its] development," or that the Brand Defendant's negligently performed such work. Rather, the only question before the district court was whether Nevada law recognized a claim against the Brand Defendants for misreprepresentation. The district court properly held that Nevada does not recognize such a claim in the absence of "some form of relationship between the parties." *Id.* at 1487.

## II. PLIVA

After the Supreme Court's decision in *PLIVA, Inc. v. Mensing*, 131 S.Ct 2567 (2011), the test for preemption in the generic drug field inquires whether a

3

manufacturer of generic drugs can independently comply with duties imposed on it by state tort law without violating federal laws regulating the manufacture and advertising of prescription drugs. *Mensing*, 131 S.Ct. at 2577–2581. *Mensing* and *Mutual Pharmaceutical Co., Inc. v. Bartlett*, 133 S.Ct. 2466 (2013), make clear that tort claims based on a generic manufacturer's failure to unilaterally strengthen warning claims are preempted by the federal requirement that generic labels display exactly the same information as the federally approved brand-name label, and that tort claims based on a generic manufacturer's failure to change the chemical composition of the drug are preempted by the federal duty of sameness. *Mensing* also clarifies that claims based on a generic's failure to report incident information to the FDA are preempted because the generic manufacturer could not independently comply with its state-law duties—strengthening the warning label in line with new evidence—because any label change was dependant on the FDA's discretionary action. *Mensing*, 131 S.Ct. at 2581. Finally, *Bartlett* bars claims based on a manufacturer's failure to exit the market for a particular drug. *Bartlett*, 133 S.Ct. at 2477.

The Complaint in this case is focused on "[defendants'] dissemination of inaccurate, misleading, materially incomplete, false, and otherwise inadequate information concerning the potential effects of exposure to [metoclopramide]."

4

As the Complaint itself acknowledges, "[t]his case involves [defendants'] failure to warn doctors and patients of information within its knowledge or possession . . . , which indicated [that metoclopramide], when taken for an extended period of time, caused serious, permanent, and debilitating side effects."  Moretti has not proposed any action by which PLIVA could comply with the state-law obligations asserted in the Complaint without violating federal law.  Although claims based on PLIVA's failure to update its label in 2004 to match the newly strengthened brand-name label might meet such a test, Moretti conceded at oral argument that she was no longer taking metoclopramide at the time of the label change.  Accordingly, the district court properly dismissed all of Moretti's claims against PLIVA as preempted by federal law.

**AFFIRMED.**